# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3426
_____

United States of America

*Plaintiff - Appellee*

v.

Clayton Reynolds

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: July 27, 2026
Filed: July 30, 2026
[Unpublished]
_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Clayton Reynolds appeals the sentence imposed by the district court[1] after he pled guilty to drug and firearm offenses, pursuant to a written plea agreement

_____

[1]The Honorable Robert F. Rossiter, Jr., then Chief Judge, now United States District Judge for the District of Nebraska.

containing an appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

Upon careful review, we conclude the appeal waiver is enforceable, and applicable to the issue raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice); *Hunter v. United States*, 146 S. Ct. 1702, 1713 (2026) (defining the "high bar" litigants must meet to set aside an appeal waiver for miscarriage of justice). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

_____